UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA BRESLAW,<br><br>　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA *ex rel.* BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF COLLEGE OF SOUTHERN NEVADA,<br><br>　　Defendant. | Case No. 2:23-cv-01680-APG-MDC<br><br>**Order**<br><br>[Docket Nos. 44, 55] |

On December 29, 2023, the Court denied Plaintiff's motion for continuation of the early neutral evaluation. Docket No. 43. Pending before the Court is Plaintiff's motion for reconsideration of that order. Docket Nos. 44.[1] The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 52, 56.[2] The motions are properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motion is **DENIED**.

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). Motions for reconsideration are disfavored. Local Rule 59-1(b). The Local

---

[1] The Court construes *pro se* filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] Plaintiff filed a motion to file supplemental material in support of her motion for reconsideration. Docket No. 55. Plaintiff seeks to submit a letter from her mother to support that she was having an anxiety attack during the early neutral evaluation. Docket No. 55 at 2. Under Local Rule 7-2(g), a party may not file supplemental briefs or evidence without leave of court, which is granted for good cause. The Court will only find good cause if the proposed briefing will make a substantive difference. *See, e.g., Morrison v. Quest Diagnostic Inc.*, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 F.App'x 350 (9th Cir. 2017). Even if the Court considered Plaintiff's additional filing, Plaintiff's mother was not in attendance at the early neutral evaluation and is not able to attest to Plaintiff's behavior during the evaluation. Because the letter does not impact the Court's ultimate analysis and decision, Plaintiff's motion to file supplemental material is **DENIED**. Docket No. 55.

Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). By the same token, however, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Even liberally construing the motion, the Court finds that Plaintiff fails to establish grounds for reconsideration. Plaintiff submits that the Court committed clear error in denying her motion for continuation of the early neutral evaluation because she was suffering from an anxiety attack. Docket No. 44 at 2; Docket No. 56 at 2-5. Essentially, this is the same argument that she raised in her initial motion. *See* Docket No. 39 at 1-2. Aside from being procedurally improper, Plaintiff's argument fails because at no point during the early neutral evaluation did Plaintiff suggest she was having an anxiety attack or act in a manner that caused the Court concern about her condition or her decision-making ability.[3] Despite the Court informing Plaintiff multiple times that she did not have to accept any settlement offers during the early neutral evaluation, a review of the record demonstrates that Plaintiff agreed to the settlement terms on the record, which made the settlement agreement binding.[4] *See Harper v. Nev. Prop. 1, LLC*, 552 F.Supp. 3d 1033, 1043 (D. Nev. 2021). Therefore, the Court has not committed clear error and reconsideration is not appropriate. *See Milenbach v. C.I.R.*, 318 F.3d 924, 935 (9th Cir. 2003) ("Clear error exists only when the reviewing court is left with a definite and firm conviction that a mistake has been committed") (internal quotation marks and citation omitted)).

---

[3] Plaintiff also submits a psychiatric evaluation demonstrating her history of anxiety and panic attacks. *See* Docket No. 44 at 5. Such evidence is unpersuasive, as it does not demonstrate Plaintiff was having an anxiety attack during the early neutral evaluation.

[4] Further, Plaintiff's actions in the days following the early neutral evaluation clearly demonstrate that she understood that she had agreed to settle the case. *See* Docket No. 52 at 2-3.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. Docket No. 44.

IT IS SO ORDERED.

Dated: January 29, 2024

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge